RUFUS GOSS v. ASA E. WHITNEY.

*Promissory note made on Sunday. What constitutes a delivery.*

A promissory note made on Sunday, but not delivered until some other day is valid.

What constitutes a delivery.

This was an action of

ASSUMPSIT on a promissory note given to Franklin B. Goss, or bearer, and the plaintiff declared upon the note, as bearer.

It appeared on the trial, that one Benjamin N. Whitney was indebted to the said Franklin B. Goss, for some sheep, and that on the day before that, on which the note is dated, the said Goss and Whitney were together, and had some negotiation about said Whitney's indebtedness to Goss, but nothing was concluded ; that on the day of the date of the note, which was upon the Sabbath day, the said Goss was at the house of Sylvester Segar, and Whitney came there, and some conversation was had about said indebtedness, and Whitney wanted Goss to take a horse for the debt, which Goss declined to take. Goss then asked Whitney if he would do as he had agreed, and Whitney replied that he would. Thereupon Goss asked for pen, ink and paper, and wrote the note given in evidence, and told said Whitney to get the note signed by the defendant, (who was not present, but about three miles from Segar's,) and leave it, on the same day, at the house of Towle, where he, Goss, could get the note, as he, the said Goss expected to go by Towle's house that evening. It further appeared, that said Whitney took the note and on the same day carried it to the defendant, and the defendant signed the note and delivered it to the said Benjamin N. Whitney, who carried the note on the same day to the said Towle, and delivered it to Towle, and directed Towle to deliver the note to Goss, provided Goss left with him a discharge of said Goss's claim against him, the said Whitney. It further appeared, that Goss called upon Towle the next Monday or Tuesday after the date of the note, and delivered Towle a discharge of his claim against Whitney, and took the note. It further appeared, that Towle afterwards delivered to Benjamin N. Whitney the discharge executed by Goss.

Upon the foregoing facts, the county court decided that the plaintiff could not recover, and rendered judgment for the defendant; to which decision of the county court the plaintiff excepted.

*Briggs & Conant* for plaintiff.

*Parker & Nicholson* for defendant.

The opinion of the court was delivered by

REDFIELD, J. It is settled by the case, *Lovejoy* v. *Whipple,* 18 Vt. R. 379, that a promissory note written and signed on Sunday, will not on that account be void, if not delivered until some other day. It is therefore not necessary farther to discuss that question.

The only inquiry into the present case then, is whether this note was delivered upon Sunday. We cannot regard Benjamin N. Whitney as the agent of Franklin B. Goss, in procuring the defendant to sign the note, or in receiving it and carrying it to Towle. In all this he must be regarded as a principal, acting solely upon his own responsibility. The note was intrusted to him, by the defendant, to do with it precisely as he chose. It would not therefore, become a binding contract upon the defendant, until delivered by the principal, Benjamin N. Whitney. And his delivery of the note must be regarded precisely in the same light as if the note were signed by himself, either alone, or jointly with the defendant. He might deliver it absolutely to Towle, to take effect presently as a promissory note, and in that case, it would no doubt have been regarded as having been delivered to Franklin B. Goss upon Sunday. But he might also annex conditions to the delivery, and make Towle his agent to see that these conditions are complied with, and in that case, the delivery would not become complete, until these conditions were fully complied with. That was the case here. And the note was not to go into the control of Franklin B. Goss, until he delivered a discharge of his claim against Whitney. This was the only condition, and the sole consideration upon which the note was to take effect. Thus it will appear very obvious, that neither the consideration of the note, nor the title of the note passed, until Monday or Tuesday after the Sunday upon which the note was written and signed. This alone would con-

stitute the delivery of the note as a binding contract. The note, therefore, could not be regarded as a contract fully executed upon Sunday, and is not therefore void, by reason of any provision of law upon that subject.

It will doubtless be borne in mind, that the restriction which Benjamin N. Whitney put upon the delivery of the note to Franklin B. Goss, was under the circumstances, a very important one. Ordinarily the delivery of a note, to be received in payment of a pre-existing debt, would operate *ipso facto* to discharge the debt; but in the present case, if delivered upon Sunday, it would not have that effect, so that the formal discharge of the debt, upon some other day, formed a very important consideration of the note, and shows very clearly that the note to effect the purpose of the parties, either as to the note, or the pre-existing debt, must be regarded as taking effect at the time the discharge of the debt was exchanged for the note, with Towle, according to the direction of Benjamin N. Whitney, Towle acting as the mutual agent of both parties.